# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

# CIVIL ACTION NO. 3:13-CV-1055-JDM

MARK A. ALBRITTON                                                            PLAINTIFF

V.

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY              DEFENDANT

## MEMORANDUM OPINION

The plaintiff, Mark Albritton, filed this action pursuant to 42 U.S.C. §405(g), seeking judicial review of an administrative decision of the Commissioner of Social Security, who denied his application for disability insurance benefits . At issue is whether the administrative law judge erred when evaluating the medical opinion testimony of the medical examiner.

After reviewing the parties' fact and law summaries, Mr. Albritton's Motion for Judgment on the Pleadings, and the administrative record, the court concludes that the administrative law judge did not err, and recommends that the district court affirm the decision of the Commissioner of Social Security.

## I. PROCEDURAL HISTORY

Mr. Albritton filed for supplemental security income benefits in September 2010, alleging that he became disabled in January 2010.[1] The state agency denied his application, both initially and on reconsideration, so he timely requested a hearing with an administrative law judge ("ALJ"). After a hearing,[2] the ALJ determined that Mr. Albritton suffered from the severe

---
[1] Administrative Record R. at 146, 153 (hereinafter "R. at __").
[2] R. at 49-74

impairments of degenerative disc disease of the lumbar spine with status post discectomy and a history of inguinal hernia that had been repaired, but he nonetheless retained the capacity to perform unskilled light work with a sit/stand option and certain postural and manipulative limitations.[3] The ALJ therefore concluded that Mr. Albritton was not disabled. After the Appeals Council affirmed the decision of the ALJ, Mr. Albritton timely appealed to this court.

## II. STANDARDS OF REVIEW

This court must affirm the conclusions of the Commissioner of Social Security unless the administrative law judge failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. §405(g). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008)(citing *Richardson v. Perales,* 402 U.S. 389, 401 (1971)). And, the reviewing court must affirm if substantial evidence exists, even if it would have reached a different conclusion. *Id.* That being said, the concept of "substantial evidence" cannot be satisfied by a highly selective reading of the administrative record, it must be supported by the record "taken as a whole." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Id*. at 388 (internal quotes and citations omitted).

In reaching a determination regarding a claimant's disability, an ALJ is required to perform a five-step sequential evaluation process by which he determines whether the claimant suffers from any mental or physical impairments that preclude the claimant's ability to work. If the ALJ is able to find that a claimant either is or is not disabled at a particular step, he must not go on to the next step. The five steps are as follows:

---

[3] R. at 17-24.

**Step One:** The ALJ must evaluate the claimant's work activity, if any. If the claimant is engaged in substantial gainful activity, he is not disabled.

**Step Two:** The ALJ must perform a threshold evaluation of the severity of the claimant's impairments. If there exists no medically determinable physical or mental impairment (or combination of impairments) that significantly limits the claimant's physical or mental ability to do basic work activities and also meets the duration requirement, the claimant is not disabled.

**Step Three:** If the claimant has one or more severe impairments, the ALJ must further evaluate the degree of severity of those impairments. If any of the claimant's impairments meets or equals in severity one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App 1 (the "Listed Impairments") and also meets the duration requirement, the ALJ must find that the claimant is disabled and no further evaluation is necessary.

If none of the claimant's severe impairments meets or equals in severity a Listed Impairment, the ALJ continues his evaluation. Before the ALJ proceeds to step four, however, he must assess the claimant's residual functional capacity, and must use that assessment at both step four and step five when evaluating whether there exists any work the claimant is capable of performing.

**Step Four:** The ALJ must consider his assessment of the claimant's residual functional capacity and his past relevant work. If the claimant can still do his past relevant work, the ALJ must find that he is not disabled.

**Step Five:** The ALJ must consider his assessment of the claimant's residual functional capacity and his age, education, and work experience to see if the claimant can make an adjustment to other work. A claimant who can make an adjustment to other work is not disabled, but one who cannot is disabled.

*See* 20 C.F.R. §§ 404.1520(a)(4).

## III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

In this appeal, Mr. Albritton asserts that the ALJ's decision is not supported by substantial evidence because the ALJ erred in his analysis of the medical evidence when he determined his residual functional capacity. Mr. Albritton specifically argues that the ALJ erred by submitting his opinion for that of the consultative examiner Dr. William Waltrip.

According to Mr. Albritton, the ALJ improperly failed to point to any evidentiary basis for his decision to discount the weight given to Dr. Waltrip's physical capacity assessment, and by failing to recognize that the Dr. Waltrip's limitations were more relaxed than the subjective reports on which they purportedly were based. The court notes that this is the extent of Mr. Albritton's argument. He cites no supporting case law or regulation and cites to only three pages in the record.

"Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey,* 125 F.3d 989, 995-96 (6th Cir. 1997). Accordingly, because Mr. Albritton has made little effort to develop his argument this court will decline to formulate arguments on his behalf, or to undertake an open-ended review of the entirety of the administrative record to find the necessary supporting evidence he failed to cite. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 490-91 (6th Cir. 2006). The burden to develop arguments is on Mr. Albritton, and the court is not required to speculate what analysis he might have put forth. *Id.*

## IV. CONCLUSION

For the foregoing reasons, the undersigned concludes that Mr. Albritton has waived his arguments on appeal by failing to present them in anything more than a cursory manner. The

4

court will therefore enter an order denying Mr. Albritton's motion for summary judgment and affirming the decision of the Commissioner of Social Security.

DATE:


cc:  counsel of record

## **NOTICE**

Within fourteen (14) days after being served a copy of these proposed findings of fact, conclusions of law, and recommendation, any party who wishes to object must file and serve written objections, or further appeal is waived.  28 U.S.C. §636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).  A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).